| Federal Natl. Mtge. Assoc. (Fannie Mae) v Araka |
|:---:|
| 2026 NY Slip Op 30306(U) |
| February 11, 2026 |
| Supreme Court, Bronx County |
| Docket Number: Index No. 35194/2018E |
| Judge: Naita A. Semaj |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: IAS PART 27
-----------------------------------------------------------------------X
FEDEARL NATIONAL MORTGAGE ASSOCIATION
("FANNIE MAE"), A CORPORATION ORGANIZED
AND EXISTING UNDER THE LAWS OF THE
UNITED STATES OF AMERICA,

    Plaintiff,

      -against-

BENEDICT ARAKA, et al.,

    Defendants.

-----------------------------------------------------------------------X

Index №. 35194/2018E

**Hon. Naita A. Semaj**
Justice of the Supreme Court

**DECISION AND ORDER**

The following papers were read on this motion (Seq. No. 3) for **SUMMARY JUDGMENT / ORDER OF REFERENCE**, and cross-motion to **DISMISS**, submitted on November 10, 2025:

| Documents | NYSCEF Doc. Nos. |
|---|---|
| Notice of Motion, Affirmation, Affirmation in Support and Exhibits, Statement of Material Facts, Memorandum of Law, Proposed Order, Affirmation of Service | 90 – 99 |
| Notice of Cross-Motion, Affirmation in Support of Cross-Motion, Affirmation of Defendant in Support of Cross-Motion and Exhibits | 103 – 111 |
| Affirmation in Reply to Defendant's Opposition to Plaintiff's Motion | 112 |
| Affirmation in Reply and in further support of cross-motion | 113 |

Upon the foregoing papers, plaintiff moves for summary judgment against defendant Benedict Araka (Araka), for default judgment against all non-answering defendants, and to appoint a referee to compute. Defendant Araka opposes the motion and cross-moves to dismiss.

Both parties previously made identical motions, and this court's order, dated June 28, 2022, was modified by decision of the Appellate Division, First Department (NYSCEF Doc No. 84). This appellate decision affirmed this court's denial of defendant's cross-motion to dismiss and modified this court's grant of an order of reference.

In support of its motion, plaintiff submits the affirmation of Anna Milan, Document Verification Specialist of NewRez LLC (NYSCEF Doc No. 93). Ms. Milan attaches business records showing that defendant, by telephone, authorized the loan servicer to communicate with Gabrielle O. Amene, Esq. about the subject loan on or about June 11, 2014 (NYSCEF Doc No. 93 at 72). These business records also include a letter sent from plaintiff's servicer, Seterus Inc., dated June 11, 2014, as written confirmation of this authorization (NYSCEF Doc No. 93 at 146).

Defendant argues that plaintiff, by sending the notice of default to Amene's law office address, failed to provide him with notice of default as required under the mortgage agreement. Milan's

[* 1]

affirmation attaches a letter addressed to defendant Araka care of Amene at the law office address, dated February 21, 2017 (NYSCEF Doc No. 93 at 146).

Plaintiff proffers this letter as proof of giving defendant the notice of default required by the mortgage agreement. In February 2017, Amene was counsel of record for defendant in the action entitled, *Benedict Araka v Seterus Inc.,* Supreme Court, Bronx County, under index no. 302167/2015. That action was dismissed by order of this court dated October 4, 2017 (NYSCEF Doc No. 108). Defendant Araka sued Seterus Inc., plaintiff's loan servicer over an escrow dispute concerning the subject property and loan (NYSCEF Doc No. 107). Seterus Inc., as plaintiff's loan servicer, mailed the notice of default while that action was pending. Defendant's claim that his attorney-client relationship with Amene ended before the instant foreclosure action does not demonstrate that service of the notice to Amene was improper, as that relationship was ongoing at the time of defendant's default and plaintiff's service of the notice of default. Significantly, defendant does not contest plaintiff's allegations that he defaulted on the loan as of the January 2017 payment.

Plaintiff has demonstrated that it sent the notice of default required under the mortgage agreement to defendant's counsel at that time, and therefore, successfully set forth a prima facie case for summary judgment on the note and mortgage herein. In response, defendant does not submit new or additional evidence sufficient or competent to either raise a triable issue of fact or to demonstrate his entitlement to summary judgment dismissing the complaint. Accordingly, plaintiff's motion is granted, defendant's cross-motion is denied, and the accompanying order is signed.

This constitutes the Decision and Order of the Court.

Dated: February ____ 6 ____, 2026          Hon. _____

                                                                    NAITA A. SEMAJ, J.S.C.

---

1. CHECK ONE................................................  ☐ CASE DISPOSED IN ITS ENTIRETY    **X** CASE STILL ACTIVE

2. MOTION IS..................................................  **X** GRANTED    ☐ DENIED    ☐ GRANTED IN PART    ☐ OTHER

3. CHECK IF APPROPRIATE....................  ☐ SETTLE ORDER    ☐ SUBMIT ORDER    ☐ SCHEDULE APPEARANCE

                                                                  ☐ FIDUCIARY APPOINTMENT    **X** REFEREE APPOINTMENT

[* 2]

At Part 27 of the Supreme Court of the State of New York, held in and for the County of Bronx, at the Courthouse located at 851 Grand Concourse, Bronx 10451, on the 6 day of February, 2026.

PRESENT:

Honorable ___NAITA A. SEMAJ___

J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX

-----------------------------------------------------------------X

FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA,

Plaintiff

-against-

BENEDICT ARAKA; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; ENMANUEL EGWEO; EVELYN GARCIA,

Defendants

-----------------------------------------------------------------X

Index No. 35194/2018E

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, DEFAULT JUDGMENT, AND APPOINTMENT OF A REFEREE TO COMPUTE**

**Mortgaged Premises:**
502 East 184th Street
Bronx, New York 10458

**Block**: 3053
**Lot**: 119

On the RPAPL §1320 specialized Summons, Complaint, Notice of Pendency, and CPLR §3012-b Certificate of Merit filed in the Bronx County Clerk's Office on March 28, 2018, the Notice of Motion, Affirmation, and Memorandum of Law of Stephen J. Vargas, Esq., of Friedman Vartolo LLP, dated July 2, 2024, from which it appears that this action was brought to foreclose a mortgage on real property known as 502 East 184th Street, Bronx New York 10458, by reason of certain defaults as alleged in the Complaint of this action, and on all the pleadings and papers heretofore filed herein, and the proceedings had herein, and after due deliberation, the defendant Benedict Araka answered the Complaint, and the notice of pendency of this action was filed more than 20 days prior hereto; and that _____ appeared in opposition hereto; after due deliberation,

**NOW**, on motion of Friedman Vartolo LLP, the attorneys for the Plaintiff, it is

**ORDERED**, that the Plaintiff's motion for summary judgment on its Complaint and the Defendant's counterclaims pursuant to CPLR §3212, dismissal of the Defendant's affirmative defenses pursuant to

1

[* 3]

CPLR §3211(b), default judgment against the non-appearing Defendants pursuant to CPLR §3215, appointment of a referee to compute pursuant to RPAPL §1321(1), and related relief is granted in all respects; and it is further

**ORDERED**, that Defendant's affirmative defenses alleged in the Verified Answer are dismissed pursuant to CPLR §3211(b); and it is further

**ORDERED,** that the Defendant's Verified Answer is limited to notices of appearance and waiver of all papers and notices of all proceedings in said action except a copy of Referee's Oath and Report of Amount Due, a copy of the Judgment of Foreclosure and Sale, Notice of Entry of Judgment, Notice of Sale, Referee's Report of Sale, and Notice of Proceedings to Obtain Surplus Monies; and it is further

**ORDERED,** that default judgment against the non-appearing Defendants is granted pursuant to CPLR §3215; and it is further

**ORDERED** that this action be, and the same is hereby referred to _Leticia Arzu_ ,Esq., with an address of _200 Mamaroneck Ave., Suite 500, White Plains, NY 10601_ as Referee to _914-668-4600 larzu@bozemanlawfirm.com_ ascertain and compute the amount due except as to attorney's fees upon the Note and Mortgage upon which this action was brought and to examine and report whether or not the Mortgaged Premises as further described in the Complaint should be sold in one parcel, and that the Referee make his/her report with all convenient speed; and it is further

**ORDERED**, that, if required, said Referee take testimony pursuant to RPAPL §1321(1); and it is further

**ORDERED**, that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, 36.2(c) ("Disqualification from appointment") and 36.2(d) ("Limitations on appointments based on compensation"); and it is further

J.S.C.

2

**ORDERED**, that a copy of this Order with Notice of Entry shall be served upon the owner of the equity redemption, any tenants named in this action, and any other party entitled to notice; and it is further

**ORDERED**, that pursuant to CPLR § 8003(a) and in the discretion of the court, a fee of $350.00, shall be paid to the Referee upon the filing of his/her report, and in accordance with CPLR § 8003(b), the statutory fee shall be paid to the Referee at the time of the foreclosure sale.; and it is further

J.S.C.

**ORDERED**, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge and, if the referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED**, that the Referee is prohibited from accepting or retaining any funds for himself/herself or paying funds to himself/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge, and it is further

**ORDERED**, that on the filing of the Referee's Oath and Report, and confirmation thereof, the Plaintiff shall have Final Judgment of Foreclosure and Sale.

ENTER:

_____
Hon. Naita A. Semaj, J.S.C.

3

[* 5]